# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-690V
UNPUBLISHED

| | |
|---|---|
| NEWBERY FRIAS *on behalf of her son, N.D., a minor,*<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 19, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*John Robert Howie,* Howie Law, PC, Dallas, TX, for petitioner.

*Amanda Pasciuto,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On June 9, 2020, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that N.D. suffered an intussusception requiring surgery as a result of a rotavirus vaccine administered on June 8, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 9, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On March 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded (A) $14,268.82 to satisfy a State of New York Medicaid lien, and (B) for pain and suffering, an amount sufficient to purchase an annuity contract as described in the attached Proffer. Proffer at 2-3. In the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

**A. A lump sum payment of $14,268.82, representing compensation for satisfaction of a State of New York Medicaid lien, payable jointly to Petitioner and**

> New York State Department of Health
> Mail to:
> NEW YORK STATE DEPARTMENT OF HEALTH
> P.O. Box 415874
> Boston, MA 02241-5874
> Recovery Case #: 153427

Petitioner agrees to endorse this payment to the New York State Department of Health.

**B. For pain and suffering, an amount sufficient to purchase an annuity contract, as set forth in the attached Proffer at Section II.B., subject to the conditions described therein.**

These amounts represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NEWBERRY FRIAS, ) <br> on behalf of her son, N.D., a minor, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 20-690V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER OF DAMAGES

**I.   Procedural History**

On November 9, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report conceding that petitioners' claim meets the Vaccine Table criteria for an intussusception following a rotavirus vaccination.  ECF No. 21.  On November 9, 2020, the Chief Special Master issued a Ruling on Entitlement, concluding that petitioner is entitled to compensation under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), as amended, 42 U.S.C. §§300aa-10 to -34.  ECF No. 23.

**II.   Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should N.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

A. <u>Medicaid Lien</u>

Respondent proffers that N.D. should be awarded funds to satisfy the State of New York Medicaid lien in the amount of $14,268.82, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments that the State of New York has made to or on behalf of N.D. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about June 8, 2017, under Title XIX of the Social Security Act. Reimbursement of the State of New York lien shall be made through a lump sum payment of $14,268.82, representing compensation for satisfaction of the State of New York lien, payable jointly to petitioner and

New York State Department of Health<br>
Mail to:<br>
NEW YORK STATE DEPARTMENT OF HEALTH<br>
P.O. Box 415874<br>
Boston, MA 02241-5874<br>
Recovery Case #: 153427

Petitioner agrees to endorse this payment to the New York State Department of Health.

B. <u>Pain and Suffering</u>

For pain and suffering, <u>see</u> 42 U.S.C. §300aa-15(a)(4), an amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:
    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA

purchased,[4] subject to the conditions described below. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will provide payments to N.D.[5] as set forth below:

Beginning March 3, 2035, $43,556.00 per year for four years certain only. Should N.D. predecease any of the certain lump sum payments set forth above, said payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of N.D.'s death. The amounts set forth in sections II.A. and II.B., supra, represent all elements of compensation to which N.D. is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III.  **Summary of Recommended Payments Following Judgment**

    A.    Medicaid lien:    **$14,268.82**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director

---

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time payment is received, N.D. will be an adult, and thus guardianship is not required.

                          Torts Branch, Civil Division

                          ALTHEA W. DAVIS
                          Senior Trial Counsel
                          Torts Branch, Civil Division

                          s/*Amanda Pasciuto*
                          AMANDA PASCIUTO
                          Trial Attorney
                          Torts Branch, Civil Division
                          U.S. Department of Justice
                          P.O. Box 146
                          Benjamin Franklin Station
                          Washington, D.C. 20044-0146
                          Amanda.Y.Pasciuto@usdoj.gov
                          Tel.: (202) 616-4847

Dated:   March 17, 2021